We'll hear from counsel in Velarde v. GW GJ, etc. Yes, sir, go ahead. May it please the Court, my name is Robert Vishnevsky. I represent Patrick Velarde, plaintiff-appellant on this matter. This matter concerns the running of a beauty school and a separate business, a beauty salon, under the guise of the beauty school. Patrick Velarde was a student at the defendant's beauty school. As part of that education, which lasted over a year, Mr. Velarde had to spend 750 hours of unpaid labor in the defendant's beauty salon. As a result, he filed a complaint. The district court, Western District Court, dismissed the complaint. Did that come as a surprise to him? I mean, it looked to me like from the contract and the enrollment that that's exactly what he was to have expected. In fact, he was trying to go for his state certificate, and the state requires 1,000 hours, something like that. Isn't that correct? Your Honor, he wasn't surprised. Clearly, the documents do say that he will have to perform or engage in practical training. However, the focus here should not be, and this is our argument, the focus here should not be on Mr. Velarde, but on the fact that the defendants used the vocational program to compete unfairly in the marketplace. Sounds like an antitrust claim. In a way it is, but, Your Honor, the FLSA was promulgated with twin goals in mind. I apologize. Go ahead. With twin goals in mind to protect workers and also to protect businesses which comply with the FLSA, and therefore it was promulgated to prevent predatory behavior, behavior that uses unpaid labor to compete with other businesses. But isn't any beauty school going to be in that position? Yes. Right? So you're saying there should be no, there's simply, if you're running a cosmetology school, you cannot have your students work on people who walk in off the street. Because they're always going to be able to undercut people who are using licensed people to do this work. Your Honor, yes. However, and this is our problem with the application of the GLAT test to this case. Indeed, the beauty school can create a salon experience, practical experience, without competing in the marketplace. All they have to do is to not charge the people who come in here for services. In fact, we allege in the complaint that the defendants had a rule. They prevented students from bringing their friends, their family, or working on each other for free. If this salon had been open to the public for free.  Then I wouldn't be asserting this claim. But then you would really be undercutting the competitors. Your Honor, it seems to me, and I think that's what the prisoner cases have shown. For example, the Vansky case from the Seventh Circuit. That the provision, that in certain circumstances, the provision of labor is not competition in the marketplace. For example, if prisoners work inside the prison, that is not competition in the marketplace. However, when a prisoner works outside the prison, it is competition with the marketplace. And therefore, the prisoner has to be paid. Carter v. Dutchess Community College concerned a prisoner who taught at Dutchess Community College. And he filed a lawsuit to get paid. And this circuit found that because the prisoner engaged, or the college used prisoner labor to engage, to compete in the marketplace. The prisoner had to be paid. Same thing, for example, with the Shiloh case. Where children were used by a religious institution to compete with other contractors. The religious institution was building houses using child labor. And the Fourth Circuit stated that using child labor to compete in the marketplace was improper. That children should be considered employees. And this is our case here, Your Honors. Could I just clarify one thing, please? Sure. Is it your position that Mr. Velarde should be compensated for all the time he spent on the academy salon floor? Or just for the periods when he was doing kind of janitorial services, the low educational value time? No, Your Honor. Our position is that he should be compensated for the entire time. Because he was there on call, at the defendant's beck and call. He was there waiting for people who came in. And incidentally, if it were truly an educational program that focused on the student's experience, Mr. Velarde would not be doing what the person who came off the street wanted. He would be doing something that he needed to learn. But, as we allege, Velarde and other students simply had to do whatever the person who came in asked them to do. For example, if a person wanted to get a haircut, but he wanted to learn braiding, he couldn't do it. Would you say that the school violated its contractual obligations to him to provide adequate training so he could obtain his certificate? That would be part of it. Because that was the context for the relationship, right? The context of the relationship is the educational context, and he paid a tuition for it. And our problem with this arrangement is that the school then turned around and used the tuition to subsidize the salon and compete in the marketplace. Now, and this is our problem with the Hollins case, for example, cited by the defendants, and I think I had addressed this. But what the Hollins case says basically, or it seems to imply, that there should be a per se rule. This circuit stated clearly that excluding whole classes of workers from the FLSA would affect the market equilibrium. That is Carter v. Dutchess Community College. So for this reason, we urge this court to recognize that the salon was run with a view to using unpaid labor and to compete in the marketplace in violation of the principles of the FLSA. And it conferred an immediate advantage, which was Portland Terminal's foundational holding on the beauty salon. Now, GLAD didn't have to deal with this because GLAD concerned employment-based internship. This is a different case. This is a case of vocational school using unpaid student labor to obtain, to essentially run a separate business. Did you argue to the district court when you were appealing the magistrate judge's R&R that they should not apply GLAD? That that was error? Yes. You did argue that to the district court? Your Honor, I believe that was the thrust of our argument, yes. And what about the quantum merit claim? I gather you're not pursuing that on appeal, so we don't have to be concerned with it. I saw the light, and I concede that point, Your Honor. Okay, fine. That's great. Thank you very much. Thank you. We'll hear from opposing counsel. Mr. Quinlan. Thank you. Good morning, Your Honors. A few years ago, this court articulated a seven-factor test for courts to use to analyze whether an alleged employer or the intern is the primary beneficiary of that relationship,  Since that date, a number of years ago, that GLAD test has been adopted nationwide, so much so that two months ago, in January 2018, the U.S. Department of Labor issued a fact sheet that listed out, on this particular issue, when you're looking at internships, this is the test that should be applied. This court's GLAD test. Moreover, in the past seven months, since the time that we put in our brief, two sister circuits have applied GLAD in this precise context, the one on this appeal, the cosmetology. Yes, Your Honor. Go ahead. In this particular context of a cosmetology school, and determined that the student was not an employee entitled to minimum wage benefits. Those more recent cases are also cosmetology schools? Exactly, Your Honor. Benjamin and Hollins. The facts and the allegations are very similar. Those are noted in your 28-J letter just filed moments ago? Yes, it is. I'm sorry, but I sent out yesterday while I was on the train trying to avoid the blizzard because I couldn't get flights. Those two cases, and I'd urge, Your Honor, and I'll come back to them in a second because there's an important point that's made there. The plaintiff would have this court ignore GLAD, abandon GLAD, and follow the immediate advantage or economic value test that Mr. Wisniewski claims derives from the 1947 Supreme Court case Portland Terminal. That request should be rejected for several reasons. First, as this court articulated in GLAD, the immediate advantage test is not really based on a fair reading of Portland Terminal. And the court explained that, and I won't go back into it. Second, a modern student's internship is very different from the seven or eight days of railroading training that was at issue in Portland Terminal. The GLAD test is much more appropriate for analyzing the totality of circumstances in this economic setting. Finally- I agree with you on that, that GLAD is better than Portland Terminal. It's not perfect for analyzing something like a cosmetology school. I would agree with you, Judge Caproni. In fact, this is way better than that. It's a much easier case for the court than I would think than GLAD or a typical internship. Look at the internships in GLAD. You're talking about kids who are either not in school, have completed school, and they're going in for a film internship. Here, there is no dispute. This is a school. Mr. Velarde applied for a school, paid money, and he got what he paid for. He knew exactly what he was going into, and he was being taught the entire time. This is a much stronger case for a determination that the intern here, a student, was not an employee for purposes of the Fair Labor Standards Act. It was no discovery here, right? No, Your Honor. You get into- This was judgment on the pleadings. It was. It was a 12C motion, and you're raising the Twombly-Iqbal issue that this court is very familiar with. Does this complaint possess enough heft to show that the pleader is entitled to relief? Did the plaintiff here nudge his claims across the line from conceivable to plausible by alleging- If not to relief, to the opportunity to obtain evidence which later, on a motion for summary judgment, he might survive. Your Honor, I would submit to you, again, to take a look at those two cases I said yesterday, both Hollins and Benjamin. They're both summary judgment cases, and there, the plaintiff had the full opportunity to develop all these same claims, get all the proof. Let's assume that everything he said in the complaint is true, Judge Cabranes. Let's assume that every allegation he has has merit, and he's able to show it to a fare-thee-well through discovery. Even so, it does not a viable claim make, and when that's the case- Your argument suggests that just because someone else was unable to adduce proof doesn't mean that this plaintiff would be unable to adduce proof. I would have thought you'd be arguing that the enrollment contract in the catalog, or whatever the additional material was, which were incorporated by reference into the complaint, is sufficient to decide the necessary . . . to decide the motion. Yes, I appreciate your suggestion there, Judge Carney, and that's exactly right. I would agree with you. We said that in our papers, that the complaint incorporates them or makes reference to them. We've laid them out for the court. Everybody knew . . . you've known the seven factors test. What is expected of the people, and Judge Caproni raised a question on that earlier. Everybody knew what they were getting here. The plaintiff knew that he was going to be doing this training. It's all laid out there. It's one that the school . . . You asked about what is the plaintiff's suggestion for school, Judge Caproni. These schools are approved by the state. They're licensed by the state. They're not just here in New York, but . . . I would think that your adversary would suggest that discovery would be appropriate here, because there is a pro-competitive aspect to the Fair Labor Standards Act, ensuring that people . . . that businesses don't compete with each other on unfair terms. And, therefore, we ought to be able to know how much money your client is making in this education . . . otherwise educational or semi-educational context. Your Honor, with all due respect, I don't think if they obtained any information on that, it would change the analysis here. I think the court . . . If you look at it from the . . . Do the pleadings. What he alleges . . . If everything he alleges is true, would that make a claim under the Fair Labor Standards Act? No matter how you cut it, this . . . A person who signs up to go to school for cosmetology to get a license is a student,  And, no discovery . . . If the discovery proved every allegation in the complaint, those facts, except it is true, are not enough to move this case in favor of an FLSA claim. It sounds to me like the sort of cottage industry right now is bringing these cases against cosmetology schools. But, presumably, if this claim survived, that wouldn't be the end of it. I mean, what would this do to nursing students, or medical students, or any other types of students that are deployed as free labor to get training? Exactly, Your Honor. And, this is the sort of thing that . . . There are other avenues. If there's something wrong with the school, doing something improperly, there are other avenues to challenge it, other than to say, let's pay all the students. There are different types of lawsuits that can be made. There are different state enforcement actions. These schools all have licenses, and that's pointed out in some of the cases. Your Honor, I want to come back, Judge Carney, to the 12C standard here. This court, in the Sandler case, just a couple of months ago, and that's mentioned in my letter of yesterday, the court applied the Platt test and granted, or affirmed, I should say, a decision that dismissed a claim in a 12C motion under GLAT, same exact situation. So, this wouldn't be the first time this court would be affirming a decision like that. Let me go to the point of the janitorial and clerical issues, and if the court will indulge me, I'm going to go outside the record for a second, and I'll come right back. My barber is Vito Fortuniti. He came to this country when he was 13 years old, over half a century ago. He has been cutting hair, and his name's on the door. He's the owner of the shop. If there's anyone who's entitled not to have to do janitorial work, it's Vito. And yet, every few customers, he walks to the corner of the room, grabs a wooden-handled brush, and pushes the hair around our seat and cleans up after himself. It's part of the job. Let me bring it back to the record. If you go to A149 in the record, in the bottom right-hand corner, it talks about what Mr. Velarde was tested on when he did get his license, thanks to our school. In item 11, the bottom right-hand corner says, they're testing, does he remove hair clippings from skin, cape, and work area? Floor surrounding work area is swept. It's part of the job, okay? And so, you're going to have- It's more than that, you're saying. It's part of the licensing procedure. Exactly. It's part of the testing. If you want to become a good cosmetologist, you have to learn how to do that, and so our school provides training in that. Also, this court, in that same Sandler decision I mentioned, the plaintiff was complaining, and Judge Capone, you talk about different schools, this was a person who was getting a degree in social work, and she went to a nursing home. And she complained that she had to perform secretarial tasks and grunt work, such as filing, typing, photocopying, fetching, wheeling patients and stuff. And this court said, okay, that's part of what it is. You're going to have some- Every job has its own grunt work, even being a lawyer, and you need to learn to be trained how to do that and understand it. Lastly, I want to just address, if I may, Your Honor, the point that was, is this a per se test? Mr. Wisniewski just said that we're asking for a per se test, that if it's a school, it's okay, it's not subject to FLSA. We are not saying that, neither was this court in Glatt. Are there circumstances in which case a school could be, could conceivably be in violation of the Fair Labor Standards Act, and that the students should be considered employees? Yes. The number five factor in the Glatt test about the number of hours, are you asked to work more? Here, the training required by New York State is supposed to be 1,000 hours, okay? Suppose our cosmetology school says, you've got to come to our school for 3,000 hours. We have 3,000 hours of free work out of you in order to help train you for your license. That would be inappropriate, okay? That would be going beyond. The riverboat pilot case, Bailey, if you look at 1307, he was getting training for the boat, and he didn't get the training he needed from the course. He had to go outside. He said, to become trained as a riverboat operator, I've got to go someplace else besides your school to get training on the side, okay? We provided all the training he needed, okay. That's fine. Thank you, Mr. Wisniewski, very much. We appreciate it. We'll hear from plaintiff's counsel, who's reserved two minutes. Your Honors, first and foremost, in response to Judge Caproni's question, concerns. Schumann v. Collier concerned nursing school students. Schumann remanded the case back to the district court, and recently there was a huge judgment in favor of plaintiffs, nursing students, under the GLAD test. So that's one. Secondly, Marshall v. Baptist Hospital, radiology students. In Marshall, also, students were found to be employees. The point is not the employment, employer-based internship. The point is, when you take the vocational program and to compete in the marketplace, then your students become employees because they provide cheap labor or unpaid labor in violation of the FLSA. Do you think cosmetology schools have to become 501c3s, that they need to be nonprofit organizations in order to conduct their business without having employees? No, Your Honor. All they have to do is to provide practical experience without charging the public. That's all they have to do. So they have to rely on tuition alone. Oh, yes. They rely on the tuition alone, and that's the beauty of their business. The tuition covers the educational program and subsidizes their beauty salon business. Now, they can easily resolve this issue by offering free services to the public because that's not competition in the marketplace, or they can allow students, and we allege that the defendants did not, to allow students to bring their friends, family, so that they can practice on these people without those people having to pay defendants for the privilege of helping their friends. You challenge the business model. I certainly do. Thanks very much. Thank you. We'll reserve the decision.